Burke, J.
The defendant corporation was charged with and convicted of a violation of section 421 of the Penal Law in that it displayed in its shop windows, placards or posters advertising the sale of merchandise at large discounts which representations were found to be untrue, deceptive and misleading. These findings have been affirmed by the County Court. To that affirmance this appeal is directed.
The applicable portion of section 421 of the Penal Law provides that any corporation which with the intent to sell or in any way dispose of merchandise directly or indirectly to the public “ makes, publishes * * * or places before the public * * * in the form of a * * * poster, bill, sign, placard * * * an advertisement * * * which * # * contains any assertion, representation or statement of fact which is untrue, deceptive or misleading, shall be guilty of a misdemeanor.”
Photographs of three advertising signs displayed in the windows of defendant’s store were offered in evidence. They read:
Westchester First TOY DISCOUNT Super Market 20% to 40% OFF
Largest Selection of
Standard
Brand
TOYS
20% to 40% OFF
*323 TOYS
20% to 40% OFF Come In And Browse Around
These photographs also revealed a display of games and other toys clustered in the windows beneath the signs.
A competitor of the defendant, engaged for seven years in the toy business, testified that after seeing these signs and the display of toys he entered and purchased three standard brand games. Two of these, according to the witness, were sold to him by defendant’s employee at a price in excess of the established prevailing price of such games in the community. A third was sold to him for no less than the established and customary retail price.
The witness as one engaged in and familiar with the subject was competent to testify to the existence of an ordinary, established or prevailing price for brand name toys in the area. His testimony was credible and is not now subject to impeachment. Accepting this, the question of guilt becomes one of fact the review of which is not within our jurisdiction.
Nothing in our law or the circumstances of this case required defendant to sell its merchandise at any fixed price. Quite correctly defendant points out that it was entitled to place its own price upon the standard brand toys involved and then to discount it as it deemed appropriate. But if that is what was done it should have been made clear in the advertisements. Defendant was not permitted to establish its own prices on these toys at levels considerably higher than the prices customarily charged by other vendors, mark those prices down to a point equal to or still in excess of the standard prices and then, by means of deceptive advertising create the impression that they could be purchased for less in its store than they could generally be obtained elsewhere. This, it seems to us, was the effect of these signs. The toys, standard brand and so advertised, were sold in different establishments throughout the community at a customary or established price. By referring to these toys as standard brand and indicating that it was giving “20% to 40% OFF ”, defendant left the impression that the price being charged was 20% to 40% less than the prevailing price. At *324 least, this conclusion of the courts below is not completely unsupportable. Consequently the finding cannot be disturbed.
Defendant contends that the conviction must be set aside because the signs referred to toys and the evidence in the record refers to the purchase of games and not toys. The effort to distinguish between games and toys is plainly artificial and strained. Any doubt as to whether the word 11 toys ’ ’ was intended to embrace “ games ” is resolved by reference to the record of the trial which indicates that the word ‘ ‘ toy ’ ’ is used 27 times during the direct testimony of the People’s witnesses without objection by the defendant. Indeed the attorney for the appellant characterized the three games as “ toys ” and the president of the defendant corporation, testifying for the defense, listed several games as examples of merchandise which were sold at a discount.
Inasmuch as the appropriateness of a discretionary sentence is not open to our review, the order of the County Court of Westchester County should be affirmed.